1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7                   **DISTRICT OF NEVADA**

8

ERMINANDO M. NAZAIRE et al.,                    )
9                                                )
              Plaintiffs,                        )
10                                               )        3:11-cv-00564-RCJ-VPC
        vs.                                      )
11                                               )
WORLD SAVINGS BANK et al.,                       )        **ORDER**
12                                               )
              Defendants.                        )
13  _____          )

14        This is a standard foreclosure case involving one property.  The Complaint lists twelve

15  causes of action: (1) Unfair Lending Practices Under Chapter 598D; (2), (9) Civil Conspiracy;

16  (3) Injunctive Relief; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6), (12) Fraud; (7)–(8)

17  Violation of the Covenant of Good Faith and Fair Dealing; (10) Unjust Enrichment; and (11)

18  Racketeering Under Chapter 207.  The case is not part of Case No. 2:09-md-02119-JAT in the

19  District of Arizona and does not appear eligible for transfer.  Pending before the Court are a

20  motion to dismiss and a motion to expunge the lis pendens.  For the reasons given herein, the

21  Court grants the motion to dismiss in part and denies it in part and denies the motion to expunge

22  the lis pendens.

23  **I.      THE PROPERTY**

24        Erminando M. Nazaire and Clarita A. Alder gave lender World Savings Bank ("WSB") a

25  promissory note for $291,000 to purchase real property at 8981 Sorcha St., Reno, NV 89506 (the

1  "Property"). (*See* Deed of Trust ("DOT") 1–2, July 25, 2005, ECF No. 5-1).  Golden West

2  Savings Association Service Co. ("Golden West") was the trustee, and Mortgage Electronic

3  Registrations Systems ("MERS") is not listed on the DOT. (*See id.* 2).  National Default

4  Servicing Corp. ("NDSC") filed the notice of default ("NOD") based on a default of $12,186.40

5  as of March 15, 2011. (*See* NOD, Mar. 15, 2011, ECF No. 5-5).

6  **II.     ANALYSIS**

7       Because there is no record of NDSC having been substituted as trustee or specifically

8  commanded to foreclose by the lender or trustee, the foreclosure may have been statutorily

9  invalid. *See* Nev. Rev. Stat. § 107.080(2)(c).  The Court will grant the motion to dismiss against

10  most of the affirmative claims under the respective statutes of limitations and for reasons given

11  in substantively identical cases but will deny the motion as to the claim for wrongful foreclosure.

12  The common law wrongful foreclosure claim fails because Plaintiffs do not appear to deny

13  default, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983), but the

14  Court will interpret the claim as one for statutorily defective foreclosure.

15                                          **CONCLUSION**

16       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is GRANTED in

17  part and DENIED in part.  All claims are dismissed except that for statutorily defective

18  foreclosure.

19       IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (ECF No. 4) is

20  DENIED.

21       IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred

22  (100) days.  During this period, Plaintiff will make full, regular monthly payments under the note

23  every thirty (30) days, **with the first payment being due ten (10) days after the date of this**

24  **order**.  The amount of each payment will be according to the monthly payment as of the date of

25  the NOD.  **Payments will be made either to the current servicer or deposited with the Clerk**.

1  Failure to make interim payments during the injunction period will result in dissolution of the

2  injunction.  Plaintiff need not pay late fees or cure the entire amount of past default at this time.

3         IT IS FURTHER ORDERED that during the injunction period the parties will engage in

4  the state Foreclosure Mediation Program ("FMP"), if available.  If not available, Defendants will

5  conduct a private mediation with Plaintiff in good faith.  Although such private mediation need

6  not comport with all of the procedural and documentary requirements of the FMP, the

7  beneficiary must send a representative to the mediation with actual authority to modify the note,

8  and Plaintiff must provide debt, asset, and income data to Defendants in advance of the

9  mediation.

10        IT IS SO ORDERED.

11  Dated this 24th day of October, 2011.

12

13                                    _____
                                       ROBERT C. JONES
                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25