**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERMINANDO M. NAZAIRE et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WORLD SAVINGS BANK et al., ) <br> ) <br> Defendants. ) <br> ) | 3:11-cv-00564-RCJ-VPC <br><br> **ORDER** |

This is a standard foreclosure case involving one property. Pending before the Court is a motion for summary judgment. For the reasons given herein, the Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

Erminando M. Nazaire and Clarita A. Alder gave lender World Savings Bank ("WSB") a promissory note for $291,000 to purchase real property at 8981 Sorcha St., Reno, NV 89506 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, July 25, 2005, ECF No. 5-1). Golden West Savings Association Service Co. ("Golden West") was the trustee, and Mortgage Electronic Registrations Systems, Inc. ("MERS") is not listed on the DOT. (*See id.* 2). National Default Servicing Corp. ("NDSC") filed the notice of default ("NOD") based on a default of $12,186.40 as of March 15, 2011. (*See* NOD, Mar. 15, 2011, ECF No. 5-5).

Plaintiffs sued Defendants in state court on twelve causes of action: (1) Unfair Lending Practices Under Chapter 598D; (2), (9) Civil Conspiracy; (3) Injunctive Relief; (4) Declaratory

Relief; (5) Wrongful Foreclosure; (6), (12) Fraud; (7)–(8) Violation of the Covenant of Good Faith and Fair Dealing; (10) Unjust Enrichment; and (11) Racketeering Under Chapter 207. Defendants removed and moved to dismiss and to expunge the lis pendens. The Court dismissed all claims except the claim for wrongful foreclosure, insofar as it could be interpreted as a claim for statutorily defective foreclosure. The Court denied the motion to expunge the lis pendens and temporarily and conditionally enjoined a foreclosure sale:

> IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred (100) days. During this period, Plaintiff will make full, regular monthly payments under the note every thirty (30) days, **with the first payment being due ten (10) days after the date of this order**. The amount of each payment will be according to the monthly payment as of the date of the NOD. **Payments will be made either to the current servicer or deposited with the Clerk**. Failure to make interim payments during the injunction period will result in dissolution of the injunction. Plaintiff need not pay late fees or cure the entire amount of past default at this time.
>
> IT IS FURTHER ORDERED that during the injunction period the parties will engage in the state Foreclosure Mediation Program ("FMP"), if available. If not available, Defendants will conduct a private mediation with Plaintiff in good faith. Although such private mediation need not comport with all of the procedural and documentary requirements of the FMP, the beneficiary must send a representative to the mediation with actual authority to modify the note, and Plaintiff must provide debt, asset, and income data to Defendants in advance of the mediation.

(Order 2:21–3:9, Oct. 27, 2011, ECF No. 13). Defendants have moved for summary judgment.

## II.   LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   ANALYSIS

Because there was no record of NDSC having been substituted as trustee or specifically commanded to foreclose by the lender or trustee, the Court previously noted that foreclosure may have been statutorily improper. *See* Nev. Rev. Stat. § 107.080(2)(c). Defendants have attached additional evidence curing this defect. First, Defendants adduce the declaration of Michael Dolan, Operations Analyst for Wells Fargo Bank, N.A ("Wells Fargo"), a records custodian with respect to Wells Fargo-held loans. (*See* Dolan Decl. ¶ 1, Aug. 20, 2012, ECF No. 25-1). Dolan attests that after default, Wells Fargo requested that NDSC execute and record the NOD in this case. (*See id.* ¶ 4). Second, Defendants attach a print-off, apparently from the FDIC, indicating that WSB changed its name to Wachovia Mortgage, FSB on December 31, 2007 and subsequently merged into Wells Fargo Bank, N.A. on November 1, 2009. (*See* Ex. 2, ECF No. 25-5). Plaintiffs have not timely responded.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 25) is GRANTED and any lis pendens EXPUNGED.

IT IS SO ORDERED.

Dated this 2nd day of October, 2012.

_____
ROBERT C. JONES
United States District Judge